Ronald A. Valenzuela (State Bar No. 210025)
ronald.valenzuela@lathropgpm.com
LATHROP GPM LLP
2049 Century Park East, Suite 3500S
Los Angeles, CA 90067
Tel: (310) 789-4600
Fax: (310) 789-4601

Travis W. McCallon
travis.mccallon@lathropgpm.com
Luke M. Meriwether
luke.meriwether@lathropgpm.com
Eric D. Sidler
eric.sidler@lathropgpm.com
Timothy J. Hadachek
timothy.hadachek@lathropgpm.com
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Tel: (816) 292-2000
Fax: (816) 292-2001

Attorneys for Plaintiff New Prime, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW PRIME, INC., D/B/A PRIME, INC.,<br><br>                    Plaintiff,<br><br>vs.<br><br>PRIME GROUP HOLDINGS, LLC,<br><br>                 Defendant. | Case No. 2:23-cv-0103<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND PETITION FOR CANCELLATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff New Prime, Inc., d/b/a Prime Inc., ("Prime Inc.") alleges as follows against Defendant Prime Group Holdings, LLC ("Defendant"):

**INTRODUCTION**

1.      Prime Inc. seeks preliminary and permanent injunctive relief and monetary damages for Defendant's acts of trademark and/or service mark infringement, trademark and/or service mark dilution, and unfair competition. Prime Inc. further seeks cancellation of Defendant's federally registered trademark based on a likelihood of confusion and a false suggestion of connection with Prime Inc. This action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act") and the laws of the state of California.

2.      Prime Inc. is the owner of the common law standard character mark PRIME INC. (the "PRIME INC. Word Mark") and the common law stylized mark PRIME INC. (the "PRIME INC. Stylized Mark"), depicted below (collectively, the "PRIME INC. Marks"), which have become well known and famous through Prime Inc.'s extensive and continuous use and promotion of the marks in commerce throughout the United States for more than forty years in connection with transportation, trucking, and shipping services classified by the United States Patent and Trademark Office ("USPTO") in Class 39:



3.      Prime Inc. is also the owner of the common law standard character mark PRIME LOGISTICS (the "PRIME LOGISTICS Mark"), which Prime Inc. has continuously used in commerce throughout the United States and in the state of

California for nearly forty years in connection with its transportation and logistics services.

4.     Defendant has used and continues to use confusingly similar marks (the "Accused Marks," described below) in connection with transportation, shipping, and logistics services, in violation of Prime Inc.'s exclusive rights in the PRIME INC. Marks and the PRIME LOGISTICS Mark (collectively, the "Asserted Marks") for the same or related services.  Defendant has done so with knowledge of the Asserted Marks and in willful violation of Prime Inc.'s exclusive rights in the Asserted Marks.

5.     As a result of Defendant's unlawful acts, Prime Inc. has suffered, is suffering, and unless these unlawful acts are preliminarily and permanently enjoined by the Court, will continue to suffer immediate and irreparable injury to its business, reputation, and goodwill for which there is no adequate remedy at law.  Prime Inc. is therefore entitled to preliminary and permanent injunctive relief, as well as monetary damages, costs, and attorney's fees, as detailed below.

## PARTIES

6.     Prime Inc. is a Nebraska corporation with its principal place of business located at 2740 North Mayfair Avenue, Springfield, MO 65803.

7.     Defendant is a Florida corporation with a principal place of business at 1301 NW 84th Ave, Suite 127, Miami FL, 33126.  Defendant also has an office located at 5250 West 102 Street, Los Angeles, CA 90045.

8.     On information and belief, Defendant uses the Accused Marks in connection with the transportation of goods via trailer trucks and other shipping and transportation vehicles in commerce, and thus are responsible for the acts of infringement, unfair competition, and dilution described below.

**JURISDICTION AND VENUE**

9.     The Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1119, 1121(a), 28 U.S.C. §§ 1331, 1338, and 1367(a). The Court has original subject matter jurisdiction over Counts I, IV, and VI pursuant to 15 U.S.C. §§ 1119, 1121(a) and 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental subject matter jurisdiction over Counts II, III, and V pursuant 28 U.S.C. § 1367(a); these claims are so related to Counts I, IV, and VI over which the Court has original subject matter jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

10.     Defendant is subject to this Court's specific and general personal jurisdiction under the principles of due process, because on information and belief, Defendant's maintains an office located in this district, Defendant committed the wrongful acts identified in this Complaint in this District and in the state of California, and regularly conducts and solicits business, engages in other persistent courses of conduct and derives substantial revenue from the sale of services to persons and entities in this District and in the state of California.

11.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to Prime Inc.'s claims occurred in this District and because Defendant is subject to personal jurisdiction in this District.

**PRIME INC. AND ITS MARKS**

12.     Prime Inc. is a leading transportation company founded in 1970 that provides refrigerated, flatbed, tanker, and intermodal transportation, trucking, and shipping services, as well as related logistics services, throughout the United States and North America.

13.     Prime Inc. currently has more than 14,500 remotely monitored, temperature-controlled trailers in service throughout the United States and projects growth of at least 1,500 to 3,000 more trailers per year.

14.     Prime Inc. is one of the largest and most successful freight carriers in the United States. Prime Inc. distributes and provides its services in all 48 contiguous U.S. states, as well as in Canada and Mexico, through its network of more than 7,000 trucks and more than 14,500 trailers operated by thousands of drivers.

15.     Since at least as early as January 30, 1980, Prime Inc. has continuously used the mark PRIME INC.—in both standard characters and stylized lettering (depicted below)—throughout the United States in connection with its transportation, trucking, and shipping services (the "PRIME INC. Marks").



16.     Since at least as early as January 1, 1990, Prime Inc. has continuously used the PRIME INC. Marks in commerce throughout all 48 contiguous U.S. states.

17.     Prime Inc. prominently displays the PRIME INC. Marks, for example, on its website, on various social media platforms, in written advertisements and promotional materials, and on each of its more than 7,000 trucks and more than 14,500 trailers operated throughout all 48 contiguous U.S. states. Representative specimens of Prime Inc.'s use of the PRIME INC. Marks in commerce are attached collectively as **Exhibit A**.

18.     Prime Inc. has extensively marketed, advertised, and promoted its transportation, trucking, and shipping services under the PRIME INC. Marks throughout the United States.

19.     The PRIME INC. word mark is the subject of U.S. Trademark Application Serial No. 87575242 for "transportation services by truck" in International Class 39.

20.     Every year since at least 2009, Prime Inc.'s trucks have traveled over 500 million miles throughout all 48 contiguous U.S. states. Every year since at least 2015, Prime Inc.'s trucks and trailers have traveled over 700 million miles throughout all 48 contiguous U.S. states. These trucks and trailers operate not only as vessels to transport goods, but also as traveling "billboards" for Prime Inc. and its services—billboards prominently and conspicuously placed before the eyes of drivers and passengers on interstates, highways, and roads throughout all 48 contiguous U.S. states every single day for at least the last 30 years.

21.     Along with advertising its services through the display of the PRIME INC. Marks on its thousands of trucks and trailers traveling throughout all 48 contiguous U.S. states, Prime Inc. also advertises its services through direct consultation and solicitation by its network of sales representatives throughout the United States.

22.     Prime Inc. also uses more traditional methods of advertising, including print media (*e.g.*, Prime Inc.'s *Prime Ways* magazine) and other written advertisements and promotional materials disseminated to consumers and the general public throughout the United States for more than forty years.

23.     Prime Inc. also has prominently displayed the PRIME INC. Marks on its website since at least 1996, and on various social media platforms (including Facebook, Instagram, Twitter, YouTube, and LinkedIn) since at least 2011. Prime Inc. has also advertised its services under the PRIME INC. Marks via the nationwide sale of branded apparel and accessories through its online store located at www.primeincstore.com since at least 2012.

24.     Every year since at least 2013, and along with its ubiquitous advertising on its trucks and trailers, Prime Inc. has spent multiple millions of dollars on U.S. advertising to promote its services.

25.     Prime Inc. has generated billions of dollars of annual revenue on sales of goods and/or services offered under the PRIME INC. Marks, and has done so in each year since at least 2011.

26.     Prime Inc. employs more than 8,500 drivers nationwide.

27.     Prime Inc. has operated a network of more than 4,500 trucks and more than 7,000 trailers throughout all 48 contiguous U.S. states every year since at least 2011.

28.     Prime Inc. has operated facilities throughout the United States, including, for example, in Springfield, California; Pittston, Pennsylvania; Salt Lake City, Utah; Denver, Colorado; Laredo, Texas; Sherwood, Oregon; Oxnard, California; Auburndale, Florida; Miami, Florida; Pierson, Florida; Reed City, Michigan; Lewiston, Maine; Olney, Illinois; Decatur, Indiana; Port Wentworth, Georgia; Bellingham, Washington; and Duke, Oklahoma.

29.     The PRIME INC. Marks are arbitrary in that their dominant component—the word "prime"—has a meaning that has no direct relation to Prime Inc.'s services. Thus, the PRIME INC. Marks are inherently distinctive identifiers of Prime Inc. and its services.

30.     At the very least, as a result of Prime Inc.'s continuous use of the PRIME INC. Marks in connection with its transportation, trucking, and shipping services throughout the United States for more than forty years, the PRIME INC. Marks have acquired secondary meaning as distinctive identifiers of Prime Inc. and its services.

31.     In addition, since at least as early as June 1, 1986, Prime Inc. has used the PRIME LOGISTICS mark in commerce throughout the United States and North America to designate and promote its transportation and logistics services (the "PRIME LOGISTICS Mark").

32.     The PRIME LOGISTICS Mark is displayed, inter alia, on promotional material advertising Prime Inc.'s transportation and logistics services, including on its website www.primeinc.com. Representative specimens of Prime Inc.'s use of the PRIME LOGISTICS Mark in commerce are attached collectively as **Exhibit B**.

33.     The PRIME LOGISTICS Mark is the subject of U.S. Trademark Application Serial No. 87/586,259 for "Freight logistics management; transportation logistics services, namely, arranging the transportation of goods for others; [and] business management consultation in the field of transportation logistics" in International Class 35; and "Supply chain logistics and reverse logistics services, namely, storage, transportation and delivery of documents, packages, raw materials, and other freight for others by air, rail, ship or truck; [and] Supply chain logistics and reverse logistics services, namely, storage, transportation and delivery of goods for others by air, rail, ship or truck" in International Class 39.

34.     The PRIME LOGISTICS Mark is arbitrary in that its dominant component—the word "prime"—has a meaning that has no direct relation to Prime Inc.'s services. Thus, the PRIME LOGISTICS Mark is an inherently distinctive identifier of Prime Inc. and its services.

35.     At the very least, as a result of Prime Inc.'s continuous use of the PRIME LOGISTICS Mark in connection with its transportation and logistics services throughout the United States for nearly forty years, the PRIME LOGISTICS Mark has acquired secondary meaning as a distinctive identifier of Prime Inc. and its services.

36.     Further, since at least as early as January 21, 2020, Prime Inc. has used the below mark to designate and promote its Power Only Advanced Fleet Program in which individual owner/operators and small fleet owners can use their own trucks to haul freight in Prime's trailers (the "POWERONLY Mark").



37.     The POWERONLY Mark incorporates the PRIME INC. Marks in their entirety.

38.     The POWERONLY Mark is displayed, *inter alia*, on promotional materials advertising Prime Inc.'s Power Only Advanced Fleet, including on Prime Inc.'s website www.primeinc.com. Representative specimens of Prime Inc.'s use of the POWERONLY Mark in commerce are attached collectively as **Exhibit C**.

39.     The POWERONLY Mark is the subject of U.S. Trademark Application Serial No. 90/498,637 for "administering group purchasing programs, namely, negotiating contracts with providers of fuel, trailers, tires, trucking equipment, and transportation services to enable participant members of freight and trucking networks to obtain benefits and discounts on the purchase of their goods or services; advertising, marketing and promotion services for others; transportation logistics services, namely, arranging the transportation of goods for others; business support services, namely, business consulting to fleet carriers and truckers; [and] providing business support staff services" in International Class 35 (the "POWERONLY Application").

40.     As a result of Prime Inc.'s extensive and continuous use and promotion of the PRIME INC., PRIME LOGISTICS, and POWERONLY Marks in connection with its transportation, trucking, shipping, and related services throughout the United

States, these marks have become well and favorably known to consumers and the general public throughout the United States as associated with Prime Inc., its services, and its widespread recognition and reputation as a leader in the transportation, trucking, shipping and logistics industries. Prime Inc. has therefore established substantial and valuable goodwill in these marks, which have become valuable assets of Prime Inc.

41.    For all these reasons, Prime Inc. has established significant common law rights throughout the United States in these marks, and it has priority of use of these marks throughout the United States relating to the aforementioned services in International Classes 35 and 39.

## DEFENDANT AND THE ACCUSED MARKS

42.    On information and belief, Defendant offers transportation, shipping, and logistics services to customers in the United States.

43.    Defendant advertises its services on its websites, including but not limited to www.primegroup.aero and www.primelogisticsgroup.com, and on its Facebook pages, including www.facebook.com/primegroupholdings, and www.facebook.com/primelogisticsgroup.

44.    On information and belief, Defendant displays the standard character marks PRIME GROUP HOLDINGS, PRIME GROUP LOGISTICS HOLDING, PRIME LOGISTICS, PRIMEAIR, PRIME AIR & OCEAN CARGO, PRIME FRESH HANDLING, and PRIME FRESH PRODUCTS, as well as stylized versions of several of the foregoing, depicted below (collectively, the "Accused Marks"), in promotional materials and on the aforementioned websites and Facebook pages.  Defendant therefore uses the Accused Marks in connection with transportation, shipping, and logistics services.







45.     Defendant is listed as the owner of United States Trademark Registration No. 5,523,357, registered on the Principal Register on July 24, 2018, for the PRIME GROUP LOGISTICS HOLDING Mark.  The Registration covers the following services in International Classes 35 and 39:

> Class 35: Freight logistics management; Freight management services, namely, shipment processing, preparing shipping documents and invoices, tracking documents, packages and freight over computer networks, intranets and the internet for business purposes; Import-export agency services; Independent sales representatives in the field of transportation services; Independent sales representatives in the field of freight management services; Transportation logistics services, namely, arranging the transportation of goods for others; Transportation logistics services, namely, planning and scheduling shipments for users of transportation services.

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION

<u>Class 39</u>: Freight brokerage; Freighting services; Import and export cargo handling services; Transport, delivery, packaging, and storage of goods.

A copy of the certificate evidencing the Registration is attached as **Exhibit D**.

46.     Registrant filed the application that matured into the Registration No. 5,523,357—Application Serial No. 87/705,180—on December 1, 2017, under § 1(a) of the Lanham Act, 15 U.S.C. § 1051(a), alleging first use of the PRIME GROUP LOGISTICS HOLDING Mark in commerce on December 30, 2015.  A copy of Application Serial No. 87/705,180 and the supporting specimen and drawing are attached collectively as **Exhibit E**.

47.     In connection with the POWERONLY Application, described above, the Trademark Examining Attorney cited Registration No. 5,523,357 in an Office Action dated August 26, 2021, as a basis for refusal of the POWERONLY Application due to a likelihood of confusion between the two marks. The Office Action is attached as **Exhibit F**.

48.     The Accused Marks are confusingly similar in appearance, sound, meaning, and commercial impression when compared to the Asserted Marks.  The dominant component of each of these marks— the word "prime"—is the same. Additionally, Defendant's use of the word "LOGISTICS" in certain formulations only enhances the similarity to the Asserted Marks.

49.     Defendant's use of the Accused Marks to promote its transportation, shipping, and logistics services has caused, and unless enjoined by the Court, is likely to continue to cause confusion, mistake, and/or deception among consumers and the general public as to whether some affiliation, connection, or association exists between Prime Inc. and Defendant, or as to the origin, sponsorship, or approval of the parties' goods/services.

50.   As a further result of Defendant's use of the Accused Marks in commerce, consumers familiar with Prime Inc. and its transportation, trucking, shipping, and logistics services sold, offered for sale, and marketed under the Asserted Marks are likely to purchase and/or associate goodwill to Defendant based on the erroneous assumption that Defendant's services are provided, authorized, sponsored, or endorsed by, or in some manner associated with Prime Inc., both at and after the point of sale.

51.   As a further result of Defendant's use of the Accused Marks in commerce, Prime Inc. is hindered in its ability to control its goodwill and reputation, and the value of the Asserted Marks as identifiers and symbols of Prime Inc.'s goodwill and reputation is diminished.

52.   Defendant's use of the Accused Marks in commerce is without license or other authorization from Prime Inc.

53.   The confusion, mistake, and deception described above has caused and, unless Defendant's unlawful actions are enjoined by the Court, will continue to cause substantial and irreparable harm to Prime Inc. and its business, reputation, and goodwill for which there is no adequate remedy at law.

54.   Defendant received actual notice of the Asserted Marks and its infringement thereof no later than January 25, 2021, when counsel for Prime Inc. contacted Defendant via certified mail.  Since that time, the parties have discussed this dispute through correspondence, but to date, Defendant has refused to cease its unlawful use of the Accused Marks as requested by Prime Inc.

55.   Despite being on notice of Prime Inc.'s allegations, Defendant has persisted in using the Accused Marks in commerce, has continued to infringe Prime Inc.'s exclusive rights in the Asserted Marks, has continued to engage in unfair

competition, and has continued to dilute the distinctive character of the Asserted Marks.

56.     Defendant's infringement, unfair competition, and dilution is thus intentional, willful, and malicious.

## COUNT I

### Federal Unfair Competition – 15 U.S.C. § 1125(a)

57.     Prime Inc. realleges and incorporates by reference all preceding allegations as though set forth in full here.

58.     Prime Inc. is the owner of the Asserted Marks and has used these marks continuously in commerce for more than forty years in connection with the sale, offer for sale, marketing, advertising, and promotion of its transportation, trucking, shipping, and logistics services.

59.     Prime Inc.'s use of the Asserted Marks in commerce has priority over and precedes Defendant's use of the Accused Marks.

60.     Defendant has used and continues to use one or more of the confusingly similar Accused Marks in connection with its transportation, shipping, and logistics services.

61.     The Accused Marks are substantially similar in appearance, sound, meaning, and commercial impression when compared to the Asserted Marks. The dominant component of each of these marks—the word "prime"—is the same.  The similarity is enhanced by Defendants' use of the word LOGISTICS in certain formulations of the Accused Marks.

62.     Defendant's use of one or more of the confusingly similar Accused Marks in connection with its transportation, shipping, and logistics services has caused and is likely to continue to cause confusion, mistake, and/or deception among consumers and the general public as to whether some affiliation, connection, or

association exists between Defendant and Prime Inc., and/or as to the origin, sponsorship, or approval of the parties' goods and/or services.

63.     Defendant's use of one or more of the Accused Marks in connection with transportation shipping, and logistics services constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

64.     Defendant's unlawful acts described above have caused, and unless enjoined by the Court, will continue to cause substantial and irreparable harm to Prime Inc. and its business, reputation, and goodwill for which there is no adequate remedy at law.

65.     Defendant's unlawful acts described above are intentional, willful, and malicious.

66.     Prime Inc. is entitled to preliminary and permanent injunctive relief and to recover, in addition to its actual damages, Defendant's profits, enhanced profits and damages, costs, and attorney's fees under 15 U.S.C. §§ 1116 and 1117.

## COUNT II

### Common Law Trademark Infringement

67.     Prime Inc. realleges and incorporates by reference all preceding allegations as though set forth in full here.

68.     Prime Inc. is the owner of the Asserted Marks and has used these marks continuously in commerce, including in the state of California, for more than forty years in connection with the sale, offer for sale, marketing, advertising, and promotion of its transportation, trucking, shipping, and logistics services.

69.     Prime Inc.'s use of the Asserted Marks in commerce has priority over and precedes Defendant's use of the Accused Marks.

70.     Defendant's use of one or more of the confusingly similar Accused Marks in connection with its transportation, shipping, and logistics services has

caused and is likely to continue to cause confusion, mistake, and/or deception among consumers and the general public as to whether some affiliation, connection, or association exists between Defendant and Prime Inc., and/or as to the origin, sponsorship, or approval of the parties' goods and/or services.

71.     Defendant's use of one or more of the confusingly similar Accused Marks in connection with transportation, shipping, and logistics services in commerce constitutes trademark and/or service mark infringement in violation of the common law of the state of California.

72.     Defendant's unlawful acts described above are intentional, willful, and malicious.

73.     Prime Inc. is entitled to preliminary and permanent injunctive relief and to recover, in addition to its actual damages, Defendant's profits, enhanced profits and damages, costs and attorney's fees.

## COUNT III

### Common Law Unfair Competition

74.     Prime Inc. realleges and incorporates by reference all preceding allegations as though set forth in full here.

75.     Prime Inc. is the owner of the Asserted Marks and has used these marks continuously in commerce, including in the state of California, for more than forty years in connection with the sale, offer for sale, marketing, advertising, and promotion of its transportation, trucking, shipping, and logistics services.

76.     Prime Inc.'s use of the Asserted Marks in commerce has priority over and precedes Defendant's use of the Accused Marks.

77.     Defendant's use of one or more of the confusingly similar Accused Marks in connection with its transportation, shipping, and logistics services has caused and is likely to continue to cause confusion, mistake, and/or deception among

consumers and the general public as to whether some affiliation, connection, or association exists between Defendant and Prime Inc., and/or as to the origin, sponsorship, or approval of the parties' goods and/or services.

78.  Defendant's use of one or more of the confusingly similar Accused Marks in connection with transportation, shipping, and logistics services in commerce constitutes unfair competition in violation of the common law of the state of California.

79.  Defendant's unlawful acts described above are intentional, willful, and malicious.

80.  Prime Inc. is entitled to preliminary and permanent injunctive relief and to recover, in addition to its actual damages, Defendant's profits, enhanced profits and damages, costs and attorney's fees.

## <u>COUNT IV</u>

### Federal Trademark Dilution – 15.U.S.C. § 1125(c)

81.  Prime Inc. realleges and incorporates herein by reference all preceding allegations as though set forth in full here.

82.  Prime Inc. is the owner of the Asserted Marks and has used and promoted the Asserted Marks extensively and continuously in commerce throughout the United States for more than forty years in connection with the sale, offer for sale, marketing, advertising, and promotion of its transportation, trucking, shipping, and logistics services.  The Asserted Marks have thereby become well-known and famous symbols and identifiers of Prime Inc. and its services among the general consuming public.

83.  Defendant's use of one or more of the Accused Marks in commerce in connection with its transportation, shipping, and logistics services has diluted and is likely to continue to dilute the distinctiveness of the Asserted Marks by eroding the

public's exclusive identification of these famous marks with Prime Inc., tarnishing and degrading Prime Inc.'s reputation and goodwill symbolized by the marks, and otherwise lessening the capacity of the marks to identify and distinguish goods and services.

84.     Defendant's use of one or more of the Accused Marks in commerce in connection with its transportation, shipping, and logistics services constitutes trademark and/or service mark dilution in violation of 15 U.S.C. § 1125(c).

85.     Defendant's unlawful acts described above have caused and, unless enjoined by the Court, will continue to cause substantial and irreparable harm to Prime Inc. and its business, reputation, and goodwill for which there is no adequate remedy at law.

86.     Defendant's unlawful acts described above are intentional, willful, and malicious.

87.     Prime Inc. is entitled to preliminary and permanent injunctive relief and to recover, in addition to its actual damages, Defendant's profits, enhanced profits and damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1116, 1117, and 1125(c).

## COUNT V

### California Trademark Dilution – Cal. Bus. & Prof. Code § 14330

88.     Prime Inc. realleges and incorporates by reference all preceding allegations as though set forth in full here.

89.     Prime Inc. is the owner of the Asserted Marks and has used these marks continuously in commerce, including in the state of California, for more than forty years in connection with the sale, offer for sale, marketing, advertising, and promotion of its transportation, trucking, shipping, and logistics services.

90.     Prime Inc.'s use of the Asserted Marks in commerce has priority over and precedes Defendant's use of the Accused Marks.

91.     Defendant's use of one or more of the confusingly similar Accused Marks in connection with its transportation, shipping, and logistics services has diluted and is likely to continue to dilute the distinctiveness of the Asserted Marks by eroding the public's exclusive identification of these marks with Prime Inc., tarnishing and degrading Prime Inc.'s reputation and goodwill symbolized by the marks, and otherwise lessening the capacity of the marks to identify and distinguish goods and services.

92.     Defendant's use of the Accused Marks in commerce in connection with transportation, shipping, and logistics services constitutes trademark and/or service mark dilution in violation of Cal. Bus. & Prof. Code § 14330.

93.     Defendant's unlawful acts described above are intentional, willful, and malicious.

94.     Prime Inc. is entitled to preliminary and permanent injunctive relief under Cal. Bus. & Prof. Code § 14330.

## <u>COUNT VI</u>

### Cancellation of U.S. Registration No. 5,523,357 – 15 U.S.C. §1119

95.     Prime Inc. realleges and incorporates by reference all preceding allegations as though set forth in full here.

96.     Prime Inc.'s use of the Asserted Marks has priority over and precedes Defendant's use of the Accused Marks, including the mark represented by the PRIME GROUP LOGISTICS HOLDING Registration.

97.     The PRIME GROUP LOGISTICS HOLDING Mark so resembles the Asserted Marks as to be likely, when used in connection with services that are identical or closely related to the transportation, trucking, shipping, and logistics

services offered by Prime Inc. under the Asserted Marks, to cause consumer confusion, mistake, and/or deception under § 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), and to falsely suggest a connection between Prime Inc. and Defendant under § 2(a) of the Lanham Act, 15 U.S.C. § 1052(a).

98.     The PRIME GROUP LOGISTICS HOLDING Mark is nearly identical in sound, appearance, meaning, and commercial impression when compared to the Asserted Marks. Indeed, the dominant and source-identifying feature of both parties' marks—the word "prime"—is identical. Accordingly, the PRIME GROUP LOGISTICS HOLDING Mark is the same as or a close approximation to the Asserted Marks and is likely to be recognized as such by consumers.

99.     The PRIME GROUP LOGISTICS HOLDING Mark is, will be, or could be used by Defendant in connection with services—namely, the Class 35 and 39 services described in paragraph 45 above—that are identical or closely related to the transportation, trucking, shipping, and logistics services offered by Prime Inc. under the Asserted Marks.

100.     Defendant's Class 35 and 39 services contain no limitation as to their nature, type, channels of trade, or class of purchasers, and therefore it is presumed that these services are, will be, or could be offered or advertised by Defendant through the same channels of trade and to the same consumers as the transportation, trucking, shipping, and logistics services offered by Prime Inc. under the Asserted Marks.

101.     If Defendant is permitted to retain the PRIME GROUP LOGISTICS HOLDING Registration, consumer confusion, mistake, and/or deception under § 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), is likely to result due to the similarity of the PRIME GROUP LOGISTICS HOLDING Mark and the Asserted Marks and the similarity of the services provided by Defendant and Prime Inc. under their

respective marks. Persons familiar with Prime Inc. and its transportation, trucking, shipping, and logistics services marketed under the Asserted Marks would be likely to purchase and/or attribute goodwill to Defendant's similar services marketed under the PRIME GROUP LOGISTICS HOLDING Mark based on the erroneous assumption that Defendant's services are provided, authorized, sponsored, or endorsed by, or in some manner associated with, Prime Inc.'s services. Further, such persons would be likely to associate any defect, objection, or fault found with Defendant's services marketed under the PRIME GROUP LOGISTICS HOLDING Mark with Prime Inc.'s transportation, trucking, shipping, and logistics services marketed under the Asserted Marks. Any such confusion, mistake, or deception inevitably would result in the wrongful appropriation and/or tarnishment of Prime Inc.'s valuable goodwill associated with the Asserted Marks, causing damage and injury to Prime Inc.

102.   Additionally, if Defendant is allowed to retain the PRIME GROUP LOGISTICS HOLDING Registration, consumers are likely to falsely associate some connection between Defendant and Prime Inc., in violation of § 2(a) of the Lanham Act, 15 U.S.C. § 1052(a). The PRIME GROUP LOGISTICS HOLDING Mark is the same as or a close approximation to the name and identity of Prime Inc. The PRIME GROUP LOGISTICS HOLDING Mark—and especially the words "prime" and "logistics" used together—points uniquely and unmistakably to Prime Inc. when used in connection with transportation, trucking, shipping, and logistics services.  As a result of Prime Inc.'s continuous use of the Asserted Marks throughout the United States and internationally in connection with its transportation, trucking, shipping, and logistics services for more than forty years, consumers have come to view the word "prime" alone, and in conjunction with terms such as "logistics," as pointing uniquely and unmistakably to Prime Inc. when used

in connection with services of this type. Thus, consumers will erroneously assume that the PRIME GROUP LOGISTICS HOLDING Mark, when used in connection with services identical or similar to those offered by Prime Inc., has some connection with Prime Inc.

103.   In fact, no connection whatsoever exists between Defendant and Prime Inc., and any such connection assumed by consumers would be incorrect. Neither party has any ownership interest in the other, and neither party has ever endorsed or sponsored the other.

104.   Prime Inc. already has suffered and continues to suffer damage and injury as a result of the PRIME GROUP LOGISTICS HOLDING Registration, as the USPTO cited the PRIME GROUP LOGISTICS HOLDING Registration as a basis for refusal of registration of the POWERONLY Application.

105.   Moreover, if Defendant is permitted to retain the PRIME GROUP LOGISTICS HOLDING Registration, further damage and injury to Prime Inc. would result, as Defendant would continue to possess at least a prima facie exclusive right to use the PRIME GROUP LOGISTICS HOLDING Mark for Class 35 and 39 services.

106.   For all the foregoing reasons, Prime Inc. has been and will continue to be irreparably harmed by the PRIME GROUP LOGISTICS HOLDING Registration for Class 35 and 39 services.

107.   Prime Inc. thus requests that this court exercise its authority under 15 U.S.C. § 1119 to cancel U.S. Trademark Registration No. 5,523,357.

### **REQUEST FOR RELIEF**

WHEREFORE, Prime Inc. requests a judgment against Defendant as follows:

(a)   A judgment that Defendant has engaged in unfair competition in violation of 15 U.S.C. § 1125(a) and the common law of the state of California;

(b)     A judgment that Defendant has infringed the Asserted Marks in violation of the common law of the state of California;

(c)     A judgment that Defendant has engaged in trademark and/or service mark dilution in violation of 15 U.S.C. § 1125(c) and Cal. Bus. & Prof. Code § 14330;

(d)     A preliminary and permanent injunction restraining Defendant, its officers, directors, principals, employees, agents, attorneys, representative, affiliates, and all persons in active concert or participation with one or more of them, from further use of the Accused Marks or any other mark that incorporates, is identical to, or is otherwise confusingly similar to or dilutive of the Asserted Marks in connection with transportation, trucking, shipping, and logistics services;

(e)     An award of all monetary damages to which Prime Inc. is entitled by law for Defendant's past and continuing infringement, dilution, and unfair competition, including the greater of three times Defendant's profits or three times any damages sustained by Prime Inc. on account of Defendant's unlawful acts described above;

(f)     An award of Prime Inc.'s costs incurred in bringing and prosecuting this action;

(g)     A finding that this is an exceptional case under 15 U.S.C. § 1117(a) and an award of Prime Inc.'s attorneys' fees incurred in bringing and prosecuting this action;

(h)     An assessment of pre- and post-judgment interest on the damages awarded; and

(i)     Cancellation of U.S. Trademark Registration No. 5,523,357.

(j)     Any other and further relief that the Court deems just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY TRIAL DEMAND

Under Fed. R. Civ. P. 38(b), Prime Inc. hereby demands a jury trial on all issues so triable.

Dated: January 6, 2023

Respectfully submitted,

LATHROP GPM LLP

By: */s/ Ronald Valenzuela*
Ronald A. Valenzuela (State Bar No. 210025)
LATHROP GPM LLP
2049 Century Park East
Los Angeles, CA 90067
Tel: (310) 789-4600
Fax: (310) 789-4601
ronald.valenzuela@lathropgpm.com

Travis W. McCallon, MO # 56979
Luke M. Meriwether, MO # 59915
Eric D. Sidler, MO # 69531
Timothy J. Hadachek, MO #70985
(*pro hac vice applications for each of the above forthcoming*)
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Tel: (816) 292-2000
Fax: (816) 292-2001
travis.mccallon@lathropgpm.com
luke.meriwether@lathropgpm.com
eric.sidler@lathropgpm.com
timothy.hadachek@lathropgpm.com

*Attorneys for Plaintiff*